IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | : | |
| Plaintiff, | : | |
| | : | Case No. 2:20-cr-43 |
| v. | : | |
| | : | JUDGE SARAH D. MORRISON |
| SAMUEL R. GRAY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

Defendant Samuel Gray's Motion for Reconsideration of Detention (ECF No. 21) and the Government's Response in Opposition (ECF No. 24) are presently before the Court for consideration.

The Complaint charges Mr. Gray with violating 18 U.S.C. § 922(g)(1) by possessing a firearm as a convicted felon in November 2019. (ECF No. 1.) Mr. Gray was arrested on January 21, 2020 and placed in temporary detention on January 23, 2020. (ECF Nos. 5, 6.) Magistrate Vascura conducted a detention hearing on January 28, 2020. (ECF No. 8.)

The Government, in accordance with 18 U.S.C.§ § 3142(e) and (g), argued at the detention hearing that Mr. Gray's charge is serious, as it involved possession of a firearm in connection with a drug transaction. (Recording Jan. 28, 2020 detention hearing.)  The Government noted that the gun was recovered only after Mr. Gray fled police and caused an accident resulting in his hospitalization. *Id*. The police found the firearm only after re-tracing the chase route. *Id*. The Government continued that the strength of the evidence against Mr. Gray was strong, as his DNA was on the firearm and he admitted post-arrest that the gun was his. *Id*. The Government stated that Mr. Gray's criminal history included five prior felony convictions,

1

five prior misdemeanor convictions as well as a pending drug charge for heroin in state court. *Id*. As to community risk, the Government reiterated that Mr. Gray's flight from police led to a high-speed chase resulting in an accident and Mr. Gray's hospitalization. The Government therefore urged detention.

Attorney Benton, Mr. Gray's counsel, requested release. Attorney Benton stated that Mr. Gray was not receiving the care he needed for his injuries and that Mr. Gray could do so if released to live with family members. Mr. Benton acknowledged that Mr. Gray had missed previous court appearances but stated that Mr. Gray had not missed any trial dates. Mr. Benton did not address Mr. Gray's risk of harm to the public. Mr. Benton asked that Mr. Gray be released with electronic monitoring.

The Pretrial Services Report revealed no confirmed family ties and no consistent employment history. The report detailed an extensive criminal record dating back to 1992. Crimes included, but were not limited to, disorderly conduct, receiving stolen property, fleeing, failure to appear, burglary, drug possession, false information, drug trafficking, and possession with intent to distribute heroin. The Pretrial Services Officer recommended detention without bond.

After considering the arguments of counsel and the Pretrial Services Report, Magistrate Vascura ordered Mr. Gray detained under 18 U.S.C. § 3142(g) because the Government proved by: (1) clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community, and (2) a preponderance of evidence that no condition or combination of conditions of release would reasonably assure the Mr. Gray's appearance as required. (ECF No. 8). Factors leading to that determination included: the weight of evidence against Mr. Gray was strong; his prior criminal

history; his participation in criminal activity while on probation, parole, or supervision; his history of alcohol or substance abuse; his lack of stable employment; his prior failure to appear in court as ordered; his unknown or unverified background information and his prior violations of probation, parole, or supervised release. *Id*.

The March 2, 2020 one-count Information charged Mr. Gray with being a felon in possession of a firearm in violation of 18 U.S.C. § § 922(g)(1) and 924(a). (ECF No. 14.) He plead guilty pursuant to a plea agreement on March 12, 2020. (ECF No. 17.)

Mr. Gray now seeks release pending sentencing due to COVID-19 concerns.[1] He claims that his cellmate has tested positive for COVID-19. (ECF No. 21.) He indicates that he suffers from hypertension, obstructive sleep apnea, a heart defect, seizures, strokes and type 2 diabetes. *Id*. at 2.[2] He argues he is at a greater risk of "contracting [COVID-19] given his current confinement and tenuous health condition." *Id*. at 3. He summarily concludes that his confinement is "certainly" "incompatible with due process of law and imposes, pre-sentencing, a cruel and unusual punishment" in violation of the Fifth and Eighth Amendments to the United States Constitution. *Id*.

The Government opposes release for three reasons. First, the Government contends that Mr. Gray's detention is mandated by 18 U.S.C. § 3142(a)(2) because he plead guilty. (ECF No. 24 at 2.) Second, the Government argues that nothing about COVID-19 affects Mr. Gray's risk to the public or his risk of flight. *Id*. at 4. Third, the Government argues that granting release would

---

[1] This Order pertains only to his request for release in this case. Mr. Gray is also being held on a supervised release violation in case number 2:08cr-81(11). Judge Graham is presiding over that matter.

[2] Mr. Benton mentioned none of those ailments at the detention hearing. In addition, the Pretrial Services Report only references hypertension, diabetes and a broken knee.

3

"endorse the mass release of pre-trial detainees into the community—jeopardizing, rather than promoting, public health and safety." *Id*. at 3.

The Court's analysis begins with 18 U.S.C. § 3143. Section 3143 governs release of individuals awaiting sentencing. *United States v. Harris*, No. 19-356, 2020 U.S. Dist. LEXIS 53632, 2020 WL 1503444 (D.D.C. Mar. 27, 2020) (evaluating motion for immediate release due to COVID-19 of defendant awaiting sentencing under § 3143); *see also United States v. Dixon*, No. 5:20-cr-61, 2020 U.S. Dist. LEXIS 67743, at *7 (N.D. Ohio Apr. 17, 2020) (same). The section requires the Court to detain a person found guilty of certain felony crimes pending sentencing unless specified exceptions are present. 18 U.S.C. § 3143(a). Mr. Gray's crime is one for which detention is mandatory. *See Dixon*, 2020 U.S. Dist. LEXIS 67743, at *1-4. Exceptions to the detention mandate occur if: "(1) there is 'a substantial likelihood that a motion for acquittal or new trial will be granted' *or* 'the Government has recommended that no sentence of imprisonment be imposed' *and* (2) the Court 'finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.'" *Id*. at *3-4 (emphasis added) (quoting 18 U.S.C. § 3143(a)(2)).

No exceptions are present here. The Court is unaware of any basis for which a new trial or acquittal could be granted. It seems the Government will recommend that a sentence be imposed. *See* ECF No. 14 at ¶ ¶ 3, 7. For certain, the Government's opposition does not state that the Government will refrain from encouraging a term of imprisonment for Mr. Gray. Because Mr. Gray does not establish either of the first exceptions, the Court need not examine the second and § 3143(a)(2) mandates his detention.

That finding requires the Court to analyze 18 U.S.C. § 3145. This is because once a defendant is detained in accordance with § 3143(a)(2), "an exception contained in § 3145(c)

4

allows release pending sentencing or appeal 'under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate' *and* the defendant poses no risk of flight or danger." *Dixon*, 2020 U.S. Dist. LEXIS 67743, at *4 (emphasis added) (quoting 18 U.S.C. § 3145(c)). Hence, there must be clear evidence of exceptional circumstances and no risk of flight or danger in order for release to occur under § 3145(c).

Mr. Gray is a flight risk and he poses a danger to the community because of: (1) his flight from, and subsequent high-speed chase with, police in this case; (2) his history of non-appearance; (3) his history of violating court orders; and (4) his extensive criminal history. Release is therefore not available under § 3145(c), and the Court need not address the exceptional reasons aspect of the analysis or the Government's remaining grounds of opposition.

For the foregoing reasons, Mr. Gray's Motion for Reconsideration of Detention (ECF No. 21) is **DENIED**.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISION**
**UNITED STATES DISTRICT JUDGE**